2010-28103
**FILED**
April 20, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002563110

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re ) Case No. 10-28103-A-11
)
) Chapter 11
DONALD and BERTHA WAGNER, )
)
Debtor. )
)
_____ )

**ORDER APPROVING EMPLOYMENT**

On April 15, 2010, Donald and Bertha Wagner filed an application to employ W. Steven Shumway as their general counsel pursuant to 11 U.S.C. § 327. Based upon the application, the record, and the verified statement required by Bankruptcy Rule 2014(a), it appears that the counsel is eligible to be employed.

IT IS ORDERED that the debtors in possession are authorized to retain W. Steven Shumway as their general counsel, subject to the following reasonable terms and conditions pursuant to 11 U.S.C. § 328(a):

1. No compensation is permitted except upon court order following application pursuant to 11 U.S.C. § 330(a).

2. Compensation will be at the "lodestar rate" applicable

at the time that services are rendered in accordance with the Ninth Circuit decision in In re Manoa Finance Co., 853 F.2d 687 (9th Cir. 1988). No hourly rate, fee arrangement, retainer agreement, or fee contract referred to in the application papers is approved.

3. This approval of employment is retroactive for a period of 30 days from the date the employment application was filed. If compensation and reimbursement of expenses is sought for a prior period, the showing required by In re THC Financial, 837 F.2d 389 (9th Cir. 1988), shall be made in a subsequent motion for fees.

4. All funds received in connection with this matter, regardless of whether they are denominated a retainer or are said to be non-refundable, are deemed to be an advance payment of fees and to be property of the estate or the person paying the funds.

5. Funds that are deemed to constitute an advance payment of fees shall be maintained in a trust account maintained in an authorized depository, which account may be either a separate interest-bearing account or a trust account containing commingled funds. Withdrawals are permitted only after approval of an application for compensation and after the court issues an order authorizing disbursement of a specific amount.

6. Absent an order to the contrary, applications for interim compensation may be made once every 120 days. All interim fee awards are subject to disgorgement pending a final fee application.

7. Fees and costs awarded on an interim basis are subject to disgorgement for good cause if such fees and costs are not

awarded in connection with a final fee application filed and heard at the conclusion of the case.

Dated: April 20, 2010

By the Court

Michael S. McManus
United States Bankruptcy Judge